# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHANIE SVOBODA, <br><br> Defendant. | No. CR11-3047-MWB <br><br> **ORDER CONCERNING DEFENDANT'S *PRO SE* MOTION FOR MODIFICATION OF SENTENCE** |

_____

This case is before me on defendant Stephanie Svoboda's *pro se* Petition For Modification of Sentence Pursuant to Post-Sentencing Rehabilitation (docket no. 248). In her motion, Svoboda requests that I reduce her sentence based on her post-sentencing rehabilitation pursuant to *Pepper v. United States*, 131 S Ct. 1229 (2011). In an Indictment returned on September 29, 2011, Svoboda was charged with conspiracy to distribute 50 grams or more of pure methamphetamine, and to distribute 5 grams or more or pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846, and possessing pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(1) and 841(c)(2). On February 21, 2012, Svoboda pleaded guilty to that charge and on July 2, 2012, I sentenced her to 80 months imprisonment. Svoboda did not appeal.

A district court has limited jurisdiction to change a sentence after it has been imposed. *See United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008); *United States v. Williams,* 549 F.3d 1337, 1339 (11th Cir. 2008); *United States v. Nguyen,* 211 Fed. App'x 191, 193 (4th Cir. 2006). *see also United States v. Warner*, 23 F.3d 287, 290 (10th

Cir. 1994) (district court's jurisdiction becomes very limited once it has imposed sentence). "It may do so only (1) upon motion of the Director of the Bureau of Prisons, (2) under express statutory authority or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission." *Nguyen,* 211 Fed. App'x at 193; *see* 18 U.S.C. § 3582(c). None of these exceptions apply here. The United States Supreme Court's decision in *Pepper* did not grant me authority to reduce or modify Svoboda's sentence based on her post-sentencing rehabilitation under the circumstances here, where Svoboda has already been sentenced and she is not before me for resentencing. Accordingly, because I lack authority to modify her sentence, Svoboda's motion is **denied**.

    **IT IS SO ORDERED.**

    **DATED** this 25th day of June, 2014.

                                       MARK W. BENNETT
                                       U. S. DISTRICT COURT JUDGE
                                       NORTHERN DISTRICT OF IOWA